IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARRELL LAW, #13-2418                       *
        Plaintiff,
        v.                                    *    CIVIL ACTION NO. ELH-14-0014

CECIL COUNTY SHERIFF'S OFFICE    *
SHERIFF KENNEDY
CAPT. RUDY, *et al*.                     *
        Defendants.
                                         *****

## **MEMORANDUM**

On January 3, 2014, the Clerk received for filing Darrell Law's civil rights complaint seeking damages and the establishment of an oversight department to monitor state pre-trial bail review decisions. Mr. Law, who is self-represented, is currently detained at the Cecil County Detention Center ("CCDC") in Elkton, Maryland. His allegations pertain to the lawfulness of his detention and his bail review on unspecified criminal charges.[1] Law references a "systematic scheme" by law enforcement and the county prosecutor, resulting in his continued detention, allegedly in violation of Maryland Rules and the U.S. Constitution.[2] ECF No. 1 at p. 3 & Attachments. He further appears to challenge his six-day detention on CCDC isolation/disciplinary segregation after being cited with a

---

[1] The Maryland Judiciary website reveals that Mr. Law currently is being held on various theft charges and his motion for release was denied on or about December 17, 2013, based upon his "long record" of "COPs, FTAs and fugitive charge." *State vs. Law*, Case No. 07K13002024 (Circuit Court for Cecil County). *See* http://casesearch.courts.state.md.us.

[2] Law cites to Maryland Rule 4-221(f), which provides that within 30 days after a finding by the court of probable cause or within 30 days after the defendant waives a preliminary hearing, the State's Attorney shall: (1) file a charging document in Circuit Court; (2) amend the pending charging document or file a new charging document charging the defendant with an offense within the jurisdiction of the District Court; or (3) enter a nolle prosequi or have the charge marked stet on the docket as provided in Rules 4-247 and 4-248. After a hearing on the record in the presence of the defendant and for good cause shown, the court may extend the time in which the State's Attorney shall take such action. *See* Md. Code Ann., Rule 4-221 (2010 Repl. Vol.)

disciplinary report.

Law appears indigent. Therefore, his motion for leave to proceed in forma pauperis shall be granted. His complaint, however, may not proceed.

A civil rights claim that raises challenges to the constitutionality of incarceration is not appropriate unless and until Law's charges have been dismissed or declared invalid by a tribunal authorized to make such a determination. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages as to a conviction or sentence "that has *not* been so invalidated is not cognizable under [42 U.S.C.] § 1983." *Id*. at 487. Law's allegations against defendants are barred by the rule announced in *Heck*, as a judgment in his favor "would necessarily imply the invalidity" of his criminal charges. *Id*. The *Heck* bar applies whether Law is still a pre-trial detainee or whether he has already been convicted of the charges for which he is currently incarcerated. *See Smith v. Holtz,* 87 F.3d 108, 113 (3rd Cir. 1996) ("In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.") Therefore, Law's complaint for damages as to his continued detention is barred under the rule of *Heck*.[3]

To the extent Law seeks review of his brief term on CCDC segregation, he has filed a separate civil rights action concerning the issue. It shall be addressed by the court. *See Law v. Rudy,*

---

[3] Insofar as Law seeks to compel state authorities to establish an independent department to oversee pre-trial bail reviews, his request sounds in mandamus. Such relief may not be afforded to Law. This court does not have jurisdiction over Maryland employees in an action for writ of mandamus. *See AT & T Wireless PCS v. Winston-Salem Zoning Bd. of Adjustment,* 172 F.3d 307, 312 n. 3 (4th Cir. 1999); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Consequently, this court cannot compel Maryland executive, legislative, or judicial

*et al.*, Civil action No. ELH-14-15 (D. Md.).

The instant civil rights action shall be dismissed by separate Order.


Date:  January 10, 2014                                        /s/                      __
                                                            Ellen Lipton Hollander
                                                            United States District Judge

---
authorities to establish the oversight commission he seeks.